UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) Criminal Case No. 00-204 (RCL) |
| | ) |
| **JAIRO MOTTA-VARGAS** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM & ORDER

Jairo Motta-Vargas has been charged with one count of attempting to kill, with malice aforethought, an officer of the United States Government while such officer was engaged in official duties, in violation of 18 U.S.C. § 1114. Before the Court is the Government's motion [3] for pretrial detention. This Court conducted an additional hearing on the matter on April 24, 2007. Upon consideration of the Government's motion, and the arguments and proffer of evidence introduced at the hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the Government's Motion is GRANTED and the Court ORDERS that the defendant be detained without bond pending trial.

### I. THE GOVERNMENT'S PROFFER

At the April 24, 2007 hearing, the Government made the following factual proffer: During or before 1999 defendant Jairo Motta-Vargas was engaged by narcotics traffickers in Ecuador as "muscle," that is, as someone with a penchant for using, and a reputation for using, physical violence in pursuit of illicit ends. During this time, the Drug Enforcement

Administration ("DEA"), working with Ecuadorian national police, enlisted a female cooperating witness who acted as a drug courier for the same narcotics traffickers that Motta-Vargas worked alongside. The female courier was tasked with delivering 20 kilos of cocaine to the United Kingdom, with the DEA hoping that a successful delivery would expose the identity of the recipients. British customs and excise officials, however, thwarted the delivery, and the female courier had to return to Ecuador empty handed. At this point Motta-Vargas allegedly got involved.

The female courier allegedly was taken captive by the drug traffickers in Quito, the capital city of Ecuador, and forced, through intimidation and threats of violence, to provide information to the drug traffickers, who were trying to locate their missing drugs and identify who had them. Under duress, she arranged a meeting between her captors and DEA Special Agent Darrel K. Paskett, who the drug dealers understood to be her "friend." On or about July 12, 1999, in Quito, Special Agent Paskett arrived for what he thought would be an undercover meeting. Sensing something was amiss, he tried to flee the area. Defendant Motta-Vargas allegedly tried to block Paskett's car and fired at least three rounds at Special Agent Paskett with a pistol, hitting his vehicle.

Motta-Vargas was later found in the same apartment as the kidnaped female courier. Also recovered from defendant was a 9 mm. pistol that matched the shells recovered from Special Agent Paskett's car. Motta-Vargas allegedly told the female courier, upon returning from the botched meeting with Paskett, that he thought he had killed her "friend." In a statement, Motta-Vargas explained that he had intended to kidnap Paskett, but when things went awry, Motta-Vargas tried to kill him.

## II.  DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3141 *et seq*., dictates that a defendant may be detained pending trial where the government carries its burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id*. at § 3142(e),(f).  The government first must establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community.  18 U.S.C. § 3142(f).  The court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found. Among the factors a court should consider in evaluating pretrial detention versus release is "the nature and circumstances of the offense charged, including whether the offense is a crime of violence," involves a firearm, and several other factors. 18 U.S.C. § 3142(g)(1).  Courts also should consider the weight of evidence against the defendant, the history and characteristics of the defendant, and the nature and magnitude of the danger to the community or individual persons if the defendant should be released.  *Id.* at § 3142(g)(2)-(4).

### A.  Flight Risk

The Court finds that in this case the Government has shown beyond a preponderance of the evidence that Motta-Vargas is a flight risk.  He is a Colombian citizen and has no ties to this area.  The charges he faces here are serious, and he may be subject to criminal process in Ecuador

after the American process concludes.  Motta-Vargas has strong incentives to flee, and there is nothing that tethers him here.  He is a flight risk, and the defense has shown nothing to the contrary.

Turning to the factors to be considered under § 3142(g), the weight of the evidence that Motta-Vargas might flee is strong and the history and characteristics of the defendant – his lack of any connection to the community and his strong incentive for flight – make it clear that none of the conditions described in § 3142(c), or any combination thereof, could reasonably assure his appearance at trial.  On that ground alone, detention is warranted.

### B.  Danger to the Community

The Government also has carried its burden of establishing, by clear and convincing evidence, that Motta-Vargas is a danger to the community.  In this case, a grand jury has already found probable cause to believe that the defendant attempted to murder a DEA agent.  A grand jury indictment must be taken "fair upon its face," and provides probable cause to believe the defendant actually committed the acts constituting the offense.  *United States v. Mosuro*, 648 F.Supp. 316, 318 (D.D.C. 1986).  The Government has adduced clear and convincing evidence, over and beyond the facts alleged in the indictment, establishing that Motta-Vargas is a potentially violent man.

To begin with, the crime was one of marked violence; it allegedly began as an attempted kidnaping, and began as an attempted murder – indeed, Motta-Vargas is alleged to have said that he thought he *did* kill Special Agent Paskett.  This came on the heels of Motta-Vargas' participation in the kidnaping and interrogation of the female courier, which the Government alleges included physical intimidation and threats of violence.  Further, it is alleged that Motta-

Vargas was engaged by the narcotics traffickers as "muscle," for the specific reason that he was willing to use violence and had used it enough to gain a commensurate reputation.  This is more than enough evidence to support a finding that this defendant poses a risk to the community if he was released.  The defense's only response is to essentially concede that Motta-Vargas *was* a violent man, then to argue that his actions were limited to the "time, place, and context" involved in this case.  This argument is supported by no evidence and cannot overcome the Government's strong showing.

Turning to the factors to be considered under § 3142(g), the Court begins with the nature and circumstances of the offense.  It was, as described above, particularly violent, and was, as contemplated by the statute, a crime of violence as defined by statute, *see* 18 U.S.C. § 3156(4)(a), as well as a crime involving a firearm.  In addition, the weight of evidence against the defendant is substantial.  The Government's proffer was based on statements from DEA personnel as well as Ecuadorian national police, statements from the female courier, a police interview of Motta-Vargas conducted in Ecuador, and physical evidence, such as the weapon.  The weight of the evidence buttresses the grand jury's probable cause finding, and underscores the violent nature of the crime charged.

The history and characteristics of the defendant, as alleged by the Government, also militate in favor of detention, as set forth above.  A man who allegedly had a reputation for violence and who committed the violent crime at issue here during a larger course of violent conduct certainly poses a risk to our community.  This risk is of a nature and magnitude that is unreasonable and greatly outweighs any argument in favor of release.

### III.   CONCLUSION

After consideration of the proffered evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that pretrial detention of defendant Motta-Vargas is appropriate in this case because defendant's release, under any conditions, would pose an unreasonable danger to the community and risk of flight.  Accordingly, it is hereby

ORDERED that the Government's motion for pretrial detention is GRANTED; it is further

ORDERED that the defendant continue to be detained without bond pending trial; it is further

ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, April 25, 2007.