UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 00-204-RCL |
| v. | Civil Action No. 08-879-RCL |
| JAIRO MOTTA VARGAS,<br>Defendant. | FILED<br>APR 3 0 2010<br>U.S. DISTRICT COURT |

## MEMORANDUM OPINION

Before this Court is defendant Jairo Motta Vargas's Motion to Vacate Sentence [30] under 28 U.S.C. § 2255. Having considered Mr. Motta Vargas's motion, the opposition by the United States, the replies thereto, the applicable law, and the entire record herein the petitioner's motion to vacate his sentence is denied in part for the reasons set forth below.[1]

## I. INTRODUCTION

On July 12, 1999, two men approached a parked car in downtown Quito, Ecuador. Darryl Paskett was waiting inside the car, waiting to meet someone. Soon after he parked the car, he noticed the two men approaching and he knew something wasn't right. As Paskett started the car and began to drive off, a third man emerged from an alley. The third man stood in front of the car, raised a pistol and fired three shots. As Paskett sped off, he heard the glass from the car's rear window shatter.

---

[1] Petitioner's remaining claim shall be decided after an evidentiary hearing on it has been held. *See* 28 U.S.C. § 2255; RULES GOVERNING SECTION 2255 PROCEEDINGS RULE 8(c).

Paskett wasn't a British drug trafficker like the men who attacked him thought. He wasn't even British. And he certainly wasn't a drug trafficker, though his attackers might be excused for thinking it. Paskett was a special agent for the Drug Enforcement Administration who had been working undercover. He had been waiting to meet an informant. That informant, however, hadn't been coming to meet Paskett. Instead, she was being held on a farm outside Quito where she'd been forced by her captors to set up the ambush of Paskett.

Five days after the shooting the Ecuadorian National Police raided a farm where Paskett's informant was being held and took Jairo Motta Vargas into custody. The police also recovered the pistol that had been used in the shooting. After his apprehension Motta Vargas was convicted of kidnapping, attempted murder, weapons possession, and conspiracy in Ecuador. Nearly a year after the incident Motta Vargas was indicted in the United States for violating 18 U.S.C. § 1114, attempting to murder an officer and employee of the United States.

After his release from prison in Ecuador, Motta Vargas was deported to his native Colombia and, shortly thereafter, he was extradited to the United States. Motta Vargas eventually pleaded guilty to count one of the indictment, and on October 23, 2007 he was sentenced to a seventy-eight month term of imprisonment to be followed by five-year term of supervised release under a Rule 11(c)(1)(C) plea agreement. On May 22, 2008 the

2

defendant filed the pending motion to vacate his sentence under 28 U.S.C. § 2255.

The defendant's petition makes three claims. First, that he received ineffective assistance of counsel because his counsel failed to move to dismiss the indictment on the grounds that it violated the Double Jeopardy Clause of the Fifth Amendment. Secondly, Motta Vargas contends that the Court improperly accepted his guilty plea by failing to ascertain whether he understood his rights and that he was waiving them. Finally, Motta Vargas contends that he received ineffective assistance of counsel because his counsel failed to appeal his sentence despite his request to do so. The Court will not rule on this last claim until after an evidentiary hearing on it has been held.

## II. ANALYSIS

### A. Ineffective Assistance Claims

In order to prevail on an ineffective assistance of counsel claim, Mr. Motta Vargas would have to make a showing that his counsel's errors were so serious that they deprived him of the right to counsel as guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). This means that counsel's conduct must have fallen below an objectively reasonable standard, that is, it must have been below prevailing professional norms. *Id.* Mr. Motta Vargas must also prove—in addition to showing the error of counsel—that there was a reasonable probability the outcome of his

case would have been different but for counsel's errors. *Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985). A "reasonable probability" is one "sufficient to undermine confidence" in the defendant's decision to plead or, as in this case, not to plead guilty. *United States v. McCoy*, 215 F.3d 102 (D.C. Cir. 2000); *see also United States v. Bowie*, 198 F.3d 905, 908–909 (D.C. Cir. 1999) (observing reasonable probability does not have to be greater than 50.01 percent). A court may dispose of an ineffective assistance claim, if the petitioner is unable to make such a showing, without deciding whether counsel was constitutionally ineffective. *Strickland*, 466 U.S. at 697. As the Court of Appeals for this Circuit has noted, the failure to raise a meritless claim is not ineffective assistance of counsel. *United States v. Holland*, 117 F.3d 589, 594 (D.C. Cir. 1997) (citing *United States v. Sayan*, 968 F.2d 55, 65 (D.C. Cir. 1992) and *United States v. Wood*, 879 F.2d 927, 933–34 (D.C. Cir. 1989)).

  i. *Double Jeopardy and Separate Sovereigns*

The Fifth Amendment states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. 5. The double jeopardy clause bars (1) a second prosecution for the same offense after acquittal: (2) a second prosecution for the same offense after conviction and (3) multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 497–98 (1984). It does not, however, protect against these things if they are done by separate sovereigns. *United States v.*

4

*Wheeler*, 435 U.S. 313, 317 (1978); *United States v. Rezaq*, 134 F.3d 112, 1128 (D.C. Cir. 1998). There is a narrow exception to the separate sovereigns doctrine, which applies the protection of the double jeopardy clause if it can be shown that one of the prosecuting sovereigns is the tool of the other, or that the second proceeding is a sham for the first. *See Barktus v. Illinois*, 359 U.S. 121, 123 (1959). Only a truly extraordinary case will fall within this exception. *United States v. Rashed*, 234 F.3d 1280, 1282 (D.C. Cir. 2000). As the Court of Appeals has noted "sham prosecutions" are extremely unlikely in the context of foreign-federal prosecutions, because foreign nations are not subject to the same sort of pressure that say, the federal government could apply to a state. *Id.*

There is no question that these two prosecutions were brought by different sovereigns and the petitioner has not brought forth any evidence to suggest that the Ecuadorean prosecution was a sham or that Ecuador was a "tool" of the United States, and as such, his arguments that his counsel was ineffective amount to no more than a claim that counsel failed to file a meritless motion. Because Mr. Motta Vargas's counsel's failure to file a meritless motion to dismiss did not fall below prevailing professional norms, his claim for ineffective assistance of counsel fails.[2]

---

[2] As noted previously, the Court is withholding judgment until after the evidentiary hearing as to whether his counsel was ineffective for failing to file a notice of appeal after, as the defendant alleges, Mr. Motta Vargas requested he do so. Although any appeal filed on double jeopardy grounds would also have been meritless, the prejudice prong of *Strickland* in this context is not measured by whether the appeal would have been successful, but rather by whether the defendant would likely have appealed and as a result of his counsel's failure

## B. Plea Claim

Mr. Motta Vargas has also claimed that his plea was unknowing and involuntary and should accordingly be set aside. The basis for this claim, as far as the Court can discern, is that since Mr. Motta Vargas's counsel did not inform him of the double jeopardy clause's prohibition of successive prosecutions—which Mr. Motta Vargas assumes bars his prosecution—his plea could not be knowing and voluntary.

It is certainly true that a plea is not voluntary and intelligent if it is based on reliance on the advice of counsel that falls below prevailing professional norms. *United States v. Taylor*, 139 F.2d 924, 929 (D.C. Cir. 1998). However, the advice—in this case it is actually the absence of advice—regarding double jeopardy that Mr. Motta Vargas claims that he relied on in making his plea does not actually fall below prevailing professional norms, because it was indeed correct. Because Mr. Motta Vargas cannot prove that his counsel was constitutionally ineffective in not informing him that the double jeopardy clause would have barred his prosecution—as the clause in fact did not such thing—he cannot satisfy the first prong of *Strickland* and he cannot withdraw his plea.

To the extent that Mr. Motta Vargas attempts to argue that his plea was otherwise unknowing and voluntary, that claim is belied by the record of the plea hearing. In that hearing the Court had a colloquy with the

---

to appeal, despite the defendant's request, the defendant was deprived of his appeal altogether. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

6

defendant that satisfied the requirements of Federal Rule of Criminal Procedure 11, and the defendant acknowledged that he understood his rights and that he was voluntarily pleading guilty. As the Court of Appeals has noted the representations of a defendant at his plea hearing as to his counsel's performance and the knowing and voluntarily nature of plea are a formidable barrier to later recantations. *Taylor*, 139 F.3d at 933. As Mr. Motta Vargas has not established a basis that his plea was made unknowingly and involuntarily, he has given this Court no basis to grant his petition. *See United States v. Tolson*, 372 F. Supp. 2d 8 (D.D.C. 2008).

### III. CONCLUSION

Because Mr. Motta-Vargas has failed to demonstrate that his counsel was ineffective for failing to file a motion to quash the indictment based on the double jeopardy clause or that his plea was unknowing and involuntary, his 2255 motion shall be denied as to those claims. His remaining claim shall be decided after an evidentiary hearing for which he will be appointed counsel.

A separate order shall issue today.

April 30, 2010.

_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court